# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **HHH PROPERTIES, INC., D/B/A THE** | § | |
| **HOUSTON SPINE & REHABILITATION** | § | |
| **CENTERS** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:18-cv-03183** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 410th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1.     On July 30, 2018, Plaintiff filed this action against State Farm in the 410th Judicial District Court of Montgomery County, Texas.  The state cause number is 18-07-09830 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.  State Farm was served on August 8, 2018.  State Farm filed its answer on August 31, 2018.

2.     In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 410th Judicial District Court of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.      Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed

to it in accordance with its insurance policy for damage to its building and other property caused

by Hurricane Harvey.[1]  Plaintiff's Original Petition at ¶¶ 7–19.  Plaintiff asserts causes of action

for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code. *Id.*

at ¶¶ 14–21.

## III.
## BASIS OF REMOVAL

4.      The Southern District of Texas has jurisdiction over this action, pursuant to 28

U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.

5.      First, the parties are diverse. At all relevant times, Plaintiff was, and continues to

be, a Texas corporation.  Plaintiff's Original Petition at ¶ 1. State Farm Lloyds is an association

of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which

is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an

unincorporated association is determined by the citizenship of each member of the entity, not by

the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–

83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v.*

*State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen

of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D.

Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an

unincorporated insurance association whose underwriters were, and still are, citizens of states other

---

[1]      Plaintiff alleges the damage occurred from August 25, 2017, to August 29, 2017. Plaintiff's Original Petition at ¶ 8.

than Texas.  *See* attached Affidavit of Kristy Stapleton.  Accordingly, State Farm is not a citizen of the State of Texas.

6.     Second, the amount in controversy exceeds 75,000.  Plaintiff has pled that his damages exceed $200,000. Plaintiff's Original Petition ¶ 4.  Thus, removal to the Southern District of Texas is proper.

## IV.
### REMOVAL PROCEDURES

7.     On July 30, 2018, Plaintiff filed this case against State Farm in the 410th Judicial District Court of Montgomery County, Texas. State Farm was served on August 8, 2018.  State Farm filed its Answer on August 31, 2018.  This Notice of Removal is being timely filed on September 7, 2018.  Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8.     The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by Hurricane Harvey and which forms the basis of Plaintiff's lawsuit, is located in Montgomery County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Montgomery County. 28 U.S.C. § 1441(a).  Montgomery County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

9.     All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Montgomery County District Clerk's Office and served on the Plaintiff.

## V.
## <u>PRAYER</u>

10.     State Farm respectfully requests that the above-styled action now pending in the 410th Judicial District Court of Montgomery County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
    **DALE M. "RETT" HOLIDY**
    Federal Bar No. 21382
    State Bar No. 00792937
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 - Telephone
    (713) 739-7420 - Facsimile
    rholidy@germer.com

    **ATTORNEY FOR DEFENDANT,**
    **STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
James A. Tatem
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jatatem@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 7th day of September, 2018.

Charlie C. Gustin                                          **VIA CM/ECF**
Richard D. Daly
DALY & BLACK P.C.
211 Norfolk Street, Suite 800
Houston, Texas 77098


**DALE M. "RETT" HOLIDY**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **HHH PROPERTIES, INC., D/B/A THE** | § | |
| **HOUSTON SPINE & REHABILITATION** | § | |
| **CENTERS** | § | |
| | § | |
| **vs.** | § | **C.A. NO. _____** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## AFFIDAVIT OF KRISTY STAPLETON

This day appeared before me, the undersigned authority, KRISTY STAPLETON, who after being duly sworn, deposed and stated as follows:

1. "My name is Kristy Stapleton. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I have responsibility for the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7. On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file

1

and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks: Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles: Ms. Stiles is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

2

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."

**KRISTY STAPLETON**


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 5th day of September, 2018.

Notary Public for the State of Illinois

OFFICIAL SEAL
MARCEY HUNT
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires Dec. 29, 2019

3

# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.  Charlie C. Gustin
    cgustin@dalyblack.com
    Richard D. Daly
    rdaly@dalyblack.com
    DALY & BLACK P.C.
    211 Norfolk Street, Suite 800
    Houston, Texas 77098
    Telephone: (713) 655-1405
    Facsimile: (713) 655-1587

*Attorneys for Plaintiff*

2.  Dale M. "Rett" Holidy
    rholidy@germer.com
    James A. Tatem
    jatatem@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420

*Attorneys for Defendant*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

**HHH PROPERTIES, INC., D/B/A THE HOUSTON SPINE & REHABILITATION
CENTERS VS. STATE FARM LLOYDS**

    (a)    Plaintiff's Original Petition
    (b)    Notice of Service Process for State Farm Lloyds (return citation not filed in State Court)
    (c)    Defendant State Farm Lloyds' Original Answer and Jury Demand
    (d)    Docket Sheet



**null / ALL**
**Transmittal Number: 18538898**
**Date Processed: 08/08/2018**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Hhh Properties, Inc., d/b/a the Houston Spine & Rehabilitation Centers vs. State Farm Lloyds |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Montgomery County District Court, Texas |
| **Case/Reference No:** | 18-07-09830 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/08/2018 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Charlie Gustin<br>713-655-1405 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# CITATION

## Cause Number: 18-07-09830

Clerk of the Court
Barbara Gladden Adamick
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Charlie A Gustin
2211 Norfolk St Ste 800
Houston TX 77098

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney does not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  State Farm Lloyds
     Registered Agent Corporation Service Company
     211 East 7th Street, Suite 620
     Austin, Texas 78701

You are hereby commanded to appear by filing a written answer to the
Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next
after the expiration of twenty days after the date of service of this
citation before the Honorable 410th Judicial District Court Montgomery
County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the
30th day of July, 2018 numbered 18-07-09830 on the docket of said court,
and styled, HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation
Centers VS. State Farm Lloyds

The nature of plaintiff's demand is fully shown by a true and correct copy
of Plaintiff's Original Petition accompanying this citation and made a
part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the
law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on
this the 6th day of August, 2018.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____
                      Megan Shiflett, Deputy

## OFFICER'S RETURN

Cause No. 18-07-09830                    Court No: 410th Judicial District Court
Style: HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation
Centers VS. State Farm Lloyds
To:      State Farm Lloyds
Address: 211 East 7th Street, Suite 620
         Registered Agent Corporation Service Company
         Austin, Texas 78701

Came to hand the ____ day of _____, 20 ___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, at the following times and places, to
wit:

Name           Date/Time        Place, Course and distance from Courthouse
_____

Manner of service: _____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:
_____

And the cause of failure to execute this process is:
_____

And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy     $ _____
TOTAL                         $ _____

                                        _____ OFFICER
                                                      County, Texas
                                   By: _____, Deputy

                            AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107, the officer, or authorized person who serves, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/____, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in _____, County, State of _____, on the ___ day of
_____, 20____.

                            _____
                            Declarant/Authorized Process Server

                            _____
                            ID# & Exp. Of Certification

Received and E-Filed for Record
7/30/2018 3:08 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 18-07-09830

| | | |
|---|---|---|
| HHH PROPERTIES, INC., D/B/A THE | § | IN THE DISTRICT COURT OF |
| HOUSTON SPINE & REHABILITATION | § | |
| CENTERS, | § | **Montgomery County - 410th Judicial District Court** |
| | § | |
| Plaintiff, | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| vs. | § | |
| | § | |
| STATE FARM LLOYDS, | § | _____ JUDICIAL DISTRICT |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation Centers ("Houston Spine"), Plaintiff herein, files this Original Petition against Defendant State Farm Lloyds ("State Farm") and, in support of its causes of action, would respectfully show the Court the following:

## I.
## THE PARTIES

1.      The Houston Spine & Rehabilitation Centers is a Texas corporation licensed to do business in the State of Texas under the name of The Houston Spine & Rehabilitation Centers, and whose principle office is located in Montgomery County, Texas.

2.      State Farm is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

## II.
## DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

4.      The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6.      Venue is proper in Montgomery County because all or a substantial part of the events or omissions giving rise to the claim occurred in Montgomery County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Montgomery County.

## V.
## FACTUAL BACKGROUND

7.      Houston Spine is a named insured under a property insurance policy issued by State Farm.

8.      On or about August 25-29, 2017 Hurricane Harvey hit the Texas Coast, including the Conroe, Texas area, damaging Houston Spine's building and other property. Houston Spine subsequently filed a claim on its insurance policy.

9.      Defendant improperly denied and/or underpaid the claim.

2

10.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11.     This unreasonable investigation led to the underpayment of Plaintiff's claim.

12.     Moreover, State Farm performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     State Farm had a contract of insurance with Plaintiff.  State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of State Farm to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)     making statements misrepresenting the terms and/or benefits of the policy.

3

19.     Defendant violated Section 541.060 by:

    (1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.     Defendant violated Section 541.061 by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

    (5)     failing to disclose a matter required by law to be disclosed.

21.     Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

22.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24.     Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

26.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

27.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation Centers prays that, upon final hearing of the case, it recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Houston Spine be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Houston Spine may show itself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:   */s/ Charlie Gustin*
Charlie Gustin
TBA No. 24078605
cgustin@dalyblack.com
Richard D. Daly
TBA No. 00796429
rdaly@dalyblack.com
ecfs@dalyblack.com
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
HHH PROPERTIES, INC., D/B/A
THE HOUSTON SPINE &
REHABILITATION CENTERS**

6

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant (1) answer the following discovery requests separately and fully in writing under oath within 30 days of service (or within 50 days of service if the discovery was served prior to the date an answer is due); (2) produce responsive documents to the undersigned counsel within the same time period; and (3) serve its answers to these discovery requests within the same time period to Plaintiff by and through its attorneys of record, Daly & Black, P.C, 2211 Norfolk St, Suite 800, Houston, Texas 77098.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:   /s/ *Charlie Gustin*
        Charlie Gustin
        TBA No. 24078605
        cgustin@dalyblack.com
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
HHH PROPERTIES, INC., D/B/A
THE HOUSTON SPINE &
REHABILITATION CENTERS**

1

## **CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.  Therefore, Defendant would have received it when it was served with the citation.

/s/ Charlie Gustin
Charlie Gustin

## INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.    If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

    1.    Identify the document's title and general subject matter;
    2.    State its date;
    3.    Identify all persons who participated in its preparation;
    4.    Identify the persons for whom it was prepared or to whom it was sent;
    5.    State the nature of the privilege claimed; and
    6.    State in detail each and every fact upon which you base your claim for privilege.

D.    If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.    You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    1.    You know the response made was incorrect or incomplete when made; or
    2.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

3

## DEFINITIONS

A.  **"Defendant," "You," "Your(s),"** refers to State Farm Lloyds, its agents, representatives, employees and any other entity or person acting on its behalf.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.  **"The Property(ies)"** refers to the property or properties located at the address(es) covered by the Policy.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.  **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.  **"Lawsuit"** refers to the above styled and captioned case.

I.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions,

charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.    The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.    The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.    The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents**: Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication**: Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity**: Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.    The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates,

5

reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.      The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## <u>NOTICE OF AUTHENTICATION</u>

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## INTERROGATORIES TO DEFENDANT STATE FARM

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

     **ANSWER:**

**INTERROGATORY NO. 2:**
Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

     a.     their name and job title(s) as of the Date of Loss;
     b.     their employer; and
     c.     description of their involvement with Plaintiff's Claim.

     **ANSWER:**

**INTERROGATORY NO. 3:**
If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

     a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
     b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

     **ANSWER:**

**INTERROGATORY NO. 4:**
State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

     **ANSWER:**

**INTERROGATORY NO. 5:**
If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

     **ANSWER:**

**INTERROGATORY NO. 6:**
If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

     **ANSWER:**

7

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

    **ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

    **ANSWER:**

## REQUEST FOR PRODUCTION TO DEFENDANT STATE FARM

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Date of Loss.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim File including all documents and communications regarding the Claim.

**RESPONSE:**

### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files regarding the Claim of any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claim at issue, produce the complete Claim File regarding those prior claim(s).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Date of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**

Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**

The file from the office of Plaintiff's insurance agent concerning Plaintiff's Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

Produce all written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**

Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all billing detail showing the amounts you paid or for which you were billed by any engineer and/or engineering firm who inspected Plaintiff's Property in connection with the Claim, whether pre or post-lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce copies of all documents you intend to offer as evidence at the trial of this matter.

      **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Produce copies of all documents relating to your declaration of the storm alleged to have caused damage to Plaintiff's Property as a "catastrophe."

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
Produce copies of your attorney's[s'] fee bills in this matter.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
If this claim involves reinsurance, produce copies of the policy or agreement pertaining to that reinsurance.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Claim pre-suit, provide all documents relating to that evaluation or recommendation.

    **RESPONSE:**

## REQUEST FOR ADMISSIONS TO DEFENDANT STATE FARM

**REQUEST FOR ADMISSION NO. 1:**
Admit that on Date of Loss the Property sustained damages caused by a windstorm.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on Date of Loss the Property sustained damages caused by a hailstorm

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that as of the Date of Loss the Policy was in full force and effect.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that as of the Date of Loss all premiums were fully satisfied under the Policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that the Policy is an actual cash value policy.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

     **RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

     **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

     **RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

     **RESPONSE:**

UNITED STATES
POSTAL SERVICE

RECEIVED AND FILED
FOR RECORD
8/13/2018 4:05 p.m.
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

August 13, 2018

Dear State Farm Lloyds 18 07 09830:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 4633 9311 6015 62**.

| Item Details | |
|---|---|
| **Status:** | Delivered, To Agent |
| **Status Date / Time:** | August 8, 2018, 8:38 am |
| **Location:** | AUSTIN, TX 78701 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | State Farm Lloyds |

| Shipment Details | |
|---|---|
| **Weight:** | 1.0oz |

| Recipient Signature | |
|---|---|

Signature of Recipient: Ten.  KYLE RATZLAFF

Address of Recipient: 2116. 7tH  CSC (STE 620)

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

Received and E-Filed for Record
8/31/2018 10:34 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO. 18-07-09830**

| | | |
|---|---|---|
| **HHH PROPERTIES, INC., D/B/A THE** | § | **IN THE DISTRICT COURT OF** |
| **HOUSTON SPINE & REHABILITATION** | § | |
| **CENTERS** | § | |
| | § | |
| **VS.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **410TH JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, State Farm Lloyds ("State Farm"), Defendant in the above-entitled and numbered cause, and files this Original Answer to the allegations contained in Plaintiff's Original Petition, and all subsequent amended or supplemental petitions filed against Defendant, and shows as follows:

**I.**
**GENERAL DENIAL**

**1**.	Defendant generally denies all the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, Defendant would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**
**DEFENSES**

**2.**	**Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period unless the loss is excluded. Plaintiff lacks proof that

any additional damages resulted from any accidental direct physical loss during the policy period that was not exluded.

     **3.**     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

     **4.**     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

     **5.**     **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

    **1.**  **Property Loss Conditions**

      c.  **Duties In The Event Of Loss**.

        (1) You must see that the following are done in the event of loss to Covered Property:

               * * * * *

        (b) Give us prompt notice of loss. Include a description of the property involved.

               * * * * *

        (d) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your emergency and temporary repair expenses necessary to protect the Covered Property, for consideration in the settlement of the claim…

        (e) At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed.

        (f) As often as may be reasonably required, permit us to inspect the property proving the loss and examine your books and records.

Also permit us to take sample of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

(g) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**6.     Pre-Existing Damages.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence.

**7.     Losses Not Insured.**  Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Petition, none being admitted, are excluded as losses not insured. The Policy states:

### SECTION I — COVERED CAUSES OF LOSS

We insure for accidental direct physical loss to Covered Property unless the loss is:
**1.** Excluded in **SECTION I — EXCLUSIONS**; or
**2.** Limited in the **Property Subject To Limitations** provision.

#### Property Subject To Limitations
**1.** We will not pay for loss to:
 **e.** The interior of any building or structure, or the property inside any building or structure,
 caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:
  **(1)** The building or structure first sustains damage by a Covered Cause Of Loss to its roof,
  outside walls, or outside building glass through which the rain, snow, sleet, ice, sand or
  dust enters; or
  **(2)** The loss is caused by thawing of snow, sleet or ice on the building or structure.

### SECTION I — EXCLUSIONS
**2. We do not insure under any coverage for loss whether consisting of, or directly and immediately caused by, one or more of the following:**
 **l. Other Types Of Loss**
 **(1)** Wear and tear;
 **(4)** Settling, cracking, shrinking or expansion;

 **But if an excluded cause of loss that is listed in Paragraphs (1) through (7) above results in** an accidental direct physical loss by any of the "specified causes of loss" or by building glass breakage, we will pay for the loss caused by that "specified cause of loss" or by **building glass breakage.**

**3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in Paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to**

3

or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause
of the loss:

  **a. Weather Conditions**
    **Weather conditions. But this exclusion only applies if weather conditions contribute in
    any way with a cause or event excluded in Paragraph 1. and 2. above to produce the
    loss.**
  **c. Work**
    **Faulty, inadequate or defective:**
    **(2) Design, specifications, workmanship, repair, construction, renovation, remodeling,**
    grading, compaction;
    **(3) Materials used in repa**ir, construction, renovation or remodeling; or
    **(4)** Maintenance;
    **of part or all of any property (including land, structures or improvement of any kind) on or
    off the described premises.**

**But if accidental direct physical loss results from items 3.a., 3.b., or 3.c., we will pay for that
resulting loss unless the resulting loss is itself one of the losses not insured in SECTION I of
this coverage form.**

   **8.**  **Bona Fide/Legitimate Dispute.** A bona fide and legitimate dispute exists

precluding Plaintiff's recovery of damages under extra-contractual theories including the

common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code

or any other statutory or common law authority.

   **9.**  **No Waiver.** Plaintiff's claims are barred, in whole or in part, because State Farm

did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any

provision of this policy must be in writing by [State Farm] to be valid. State Farm made no such

waiver in this case.

   **10.**  **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code §41.001,

*et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth

therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves

State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear

and convincing evidence, any award of punitive damages would violate State Farm's due process

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section

19 of Article 1 of the Texas Constitution.

11.     **Storm Created Opening.**   Defendant specifically denies that there were any storm created openings to the exterior of the building through which rain entered. Therefore, there is no coverage for damage to the interior of the building or any personal property inside the building.

12.     **Written Notice of Claim.**  Defendant specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. Defendant also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and Defendant specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

13.     **Chapter 542A.**  Plaintiff failed to provide State Farm Lloyds with the proper written notice required by Section 542A of the Texas Insurance Code. Specifically, in accordance with Section 542A.007(d) , State Farm Lloyds pleads that it was entitled to, but not given a pre-suit notice stating the specific amount it allegedly owed under Section 542A.003(b)(2) at least 61 days before the date that Plaintiff filed suit; as such, Plaintiff may not be awarded any attorney's fees incurred after August 31, 2018, the date State Farm Lloyds filed its pleading alerting the Court and the parties to Plaintiff's failure to provide the requisite pre-suit notice, which was a date not later than the 30th day after the date State Farm Lloyds filed its original answer.

State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Section 542A of the Texas Insurance Code  and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

### III.
### RIGHT TO AMEND

**14.**     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

### IV.
### JURY DEMAND

**15.**     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

### V.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant, State Farm Lloyds, respectfully requests that upon final trial and hearing hereof, that Plaintiff take nothing and that Defendant recovers its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

    **DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

    **ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 31st day of August, 2018.

Charlie Gustin                   **VIA E-SERVICE**
Richard D. Daly
DALY & BLACK, P.C.
211 Norfolk Street, Suite 800
Houston, Texas 77098

_____
**DALE M. "RETT" HOLIDY**

7

Skip to Main Content  Logout  My Account  My Cases  Search Menu  New Civil Search  Refine Search  Back          Location : All Courts   Images Help

# REGISTER OF ACTIONS

## CASE NO. 18-07-09830

| HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation Centers | § | | Case Type: | Contract |
| VS. State Farm Lloyds | § | | | Consumer/Commercial/Debt |
| | § | | | >$200,000 |
| | § | | Date Filed: | 07/30/2018 |
| | § | | Location: | 410th Judicial District Court |

---

### PARTY INFORMATION

| | | | Attorneys |
| --- | --- | --- | --- |
| Defendant | State Farm Lloyds | | Dale M Holidy |
| | | | *Retained* |
| | | | 713-650-1313(W) |
| | | | |
| Plaintiff | HHH Properties, Inc., d/b/a The Houston | | Charlie A Gustin |
| | Spine & Rehabilitation Centers | | *Retained* |
| | | | 713-655-1405(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 07/30/2018 | **Original Petition (OCA)** | | |
| --- | --- | --- | --- |
| 07/30/2018 | E-Filed Original Petition Document | | |
| 07/30/2018 | Civil Case Information Sheet | | |
| 07/31/2018 | Request For Service | | |
| 08/06/2018 | **Certified Mail Citation** | | |
| | State Farm Lloyds | Served | 08/08/2018 |
| | | Returned | 08/13/2018 |
| 08/31/2018 | Original Answer | | |

---

### FINANCIAL INFORMATION

| | | | |
| --- | --- | --- | --- |
| **Plaintiff** HHH Properties, Inc., d/b/a The Houston Spine & Rehabilitation Centers | | | |
| Total Financial Assessment | | | 398.00 |
| Total Payments and Credits | | | 398.00 |
| **Balance Due as of 09/07/2018** | | | **0.00** |
| | | | |
| 07/31/2018 | Transaction Assessment | | 398.00 |
| 07/31/2018 | E-File Electronic Payment   Receipt # 2018-195618 | Houston Spine & Rehabilitation Centers | (398.00) |